[Civ. No. 3120.  Second Appellate District, Division Two.—September 12, 1921.]

LESTER RIEDER, Respondent, v. THE HOGAN COMPANY (a Corporation), Appellant.

[1] SALES—AUTOMOBILE CONTRACTS—OSTENSIBLE AGENCY—FINDING—EVIDENCE.—In this action for the recovery of the price of several automobile sales contracts purchased for the plaintiff by his agents, the finding that the individual who sold the contracts for the defendant corporation was clothed with ostensible authority is supported by evidence of the knowledge of plaintiff's agents of the position held by such individual with the corporation and of the sales of other contracts ·by him to· such agents, with the knowledge of the corporation.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Charles Wellborn, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Flint & MacKay for Appellant.

Oliver O. Clark, Claud B. Andrews and James Roche for Respondent.

WORKS, J.—This is an action for the recovery of the purchase price paid by plaintiff for five automobile leases or sales contracts. Plaintiff had judgment for the amount from defendant The Hogan Company and that defendant appeals.

The contracts were purchased for respondent by the firm of Porter & Brown, who were his agents in the deal, the negotiations leading up to the sale having been conducted by Porter, a member of the firm. Porter made the purchase from defendant Sears. In fastening liability upon appellant the trial court found that Sears, in making the sale, acted as the ostensible agent of appellant. The result of the appeal depends on the question whether this finding is supported by the evidence, for appellant contends that it is not. At the time of the sale of the contracts Sears had been for some time the manager of an insurance department which was operated by appellant, and Porter knew that he was employed by appellant in that capacity. We must assume, from the very designation given to this position, that Sears occupied a somewhat important place with appellant, and Porter was justified in so regarding him. Laying aside, for the moment, the question of his authority to make sale of the five contracts, appellant held Sears out to the world as a person worthy of trust, for appellant itself had placed him and had retained him in a position of trust. That being so, no more than slight additional evidence would be necessary to justify Porter in assuming that Sears had authority to sell the contracts. What additional evidence was there upon which Porter might have relied, as entitling him to assume that Sears had actual authority to sell? At the same time, what evidence is there to which we may look for a support for the finding that Sears was the ostensible agent of appellant in making the sale? Undoubtedly, evidence leading Porter justly to assume the existence in Sears of an actual au-

thority will at the same time warrant our upholding the finding that he was clothed with an ostensible authority (Civ. Code, sec. 2300). Sears, after having testified concerning the sale of the five contracts to Porter, went on to say: "I had sold other contracts to Porter, acting as manager of the insurance department of The Hogan Company." This statement, especially when taken in connection with Porter's knowledge that Sears held an important position of trust with appellant, appears to us to afford a sufficient support for the finding that there was an ostensible agency. It was evidence to the trial court that appellant had authorized, or at least had permitted, Sears to deal with Porter in and about matters which were of the same character with the transaction out of which this litigation arose. Appellant asserts, however, that this evidence is not "binding" upon it for the reason that it "appears from the evidence, and the findings are to the effect, that Sears purchased and sold many contracts without the knowledge of appellant." This language is followed by no reference to any part of the evidence, but attention is directed to one of the findings. It is true that the trial court did find as stated, but it is also true that immediately preceding that finding it was found that Sears had been employed by appellant for about three years at the time of the sale of the five contracts, that during most of that time he had been the manager of appellant's insurance department, and that while acting in that capacity and *with the knowledge of appellant* he had bought and sold for appellant numerous automobile sales contracts. There is no means pointed out to us whereby we may ascertain whether the earlier deals between Sears and Porter were among those mentioned in the findings as having transpired without the knowledge of appellant or whether they were among the number designated by the findings as having occurred with appellant's knowledge. We are bound, of course, in such a situation, to indulge the assumption which leads to a support of the contested finding as to ostensible agency, that is, that the earlier sales to Porter were among those declared by the trial court to have been made with the knowledge of appellant. [1] Under these conditions it appears to us that the finding of ostensible agency is supported by the evidence. There are other portions of the

evidence which lend additional support to the finding, but it is not necessary to refer to them.

Appellant contends that error was committed by the trial court in several instances in rulings upon objections to the admissibility of evidence. In view of the conclusion we have reached upon the question above discussed, we find it unnecessary to consider the points mentioned, as nearly all of them are connected with that question. If it be granted, which we do not decide, that appellant's claims as to the errors of law are well founded, it still appears to us that none of the alleged errors was prejudicial.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1921.

All the Justices concurred.